# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOE HAND PROMOTIONS, INC.,**

      **Plaintiff,**

v.                                                                      Case No:    6:19-cv-116-Orl-37GJK

**LIDIA SANTANA, MANUEL SANTANA, and MALI & SONS INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITH SUPPORTING MEMORANDUM OF LAW (Doc. No. 29)** |
| **FILED:** | **August 8, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITH SUPPORTING MEMORANDUM OF LAW (Doc. No. 34)** |
| **FILED:** | **October 8, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I.     BACKGROUND.**

On January 22, 2019, Joe Hand Promotions, Inc. ("Plaintiff") filed a complaint (the

"Complaint") against Lidia Santana, Manuel Santana, and Mali & Sons Inc. (collectively, "Defendants"), alleging violations of the Communications Act of 1934, 47 U.S.C. § 605 (Count I), 47 U.S.C. § 553 (Count II), and the United States copyright laws, 17 U.S.C. § 501(a) (Count III). Doc. No. 1. In the Complaint, Plaintiff alleges it is the exclusive owner of the distribution and broadcast rights and the copyright owner of the exclusive rights of distribution and public performance as to commercial establishments of the "Mayweather vs. McGregor Match" (the "Broadcast"), which took place on August 26, 2017. *Id.* at ¶ 6. The Broadcast travelled "via satellite uplink and then [was] re-transmitted to cable systems and satellite companies via a satellite signal[,]" eventually to Plaintiff's customers, who paid Plaintiff a fee to obtain the Broadcast. *Id.* at ¶ 22. Plaintiff alleges that Defendants, without paying Plaintiff a license fee, knowingly and "unlawfully intercepted, received and/or descrambled Plaintiff's Broadcast" and exhibited the Broadcast in Defendants' restaurant and bar, the Orlando Grill & Restaurant (the "Orlando Grill"). *Id.* at ¶ 25. Plaintiff further alleges that Defendants ordered the Broadcast for residential use and knowingly utilized an illegal satellite receiver or other device to intercept the Broadcast signal. *Id.* at ¶¶ 26, 27.[1]

Based on its allegations that Defendants willfully violated 47 U.S.C. § 605(a), which prohibits the unauthorized transmission and exhibition of interstate communications, Plaintiff seeks statutory damages under 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and enhanced statutory damages under 605(e)(3)(C)(ii). *Id*. at ¶ 31. Plaintiff also requests attorneys' fees and costs under 47 U.S.C. § 605.[2] *Id*. at ¶ 32. These same allegations form the basis for Plaintiff's contention that Defendants

---

[1] Plaintiff acknowledges there are "multiple illegal and unauthorized methods" for accessing the Broadcast, and, without the benefit of discovery, Plaintiff is uncertain which precise method Defendants utilized. Doc. No. 1 at ¶ 27. Plaintiff maintains that "it is logical to conclude that Defendants utilized one of the above described [illegal and unauthorized] methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff . . . ." *Id.* at ¶ 27.

[2] Plaintiff elects to abandon its claim under 47 U.S.C. § 553 because "when a defendant is liable under both sections of the Federal Communications Act, as would be the case here, the plaintiff recovers under only one section," § 553

violated the copyright laws. *Id.* at ¶¶ 40-47. Plaintiff seeks statutory damages, attorney's fees and costs for the copyright violations pursuant to 17 U.S.C. §§ 504(c)(1), (c)(2), and 505. *Id.* at ¶¶ 47-48.

On February 26, 2019, Defendants were served with the Complaint. Doc. Nos. 12-15. On March 26, 2019, Defendants Lidia and Manuel Santana responded to the Complaint. Doc. No. 11. Defendant Mali & Sons Inc. did not file a response to the Complaint, and on April 29, 2019, the Clerk entered a default against it. Doc. No. 18. On August 20, 2019, pursuant to the Court's order, Doc. No. 30, the Clerk entered defaults against Lidia and Manuel Santana, due to their failure to comply with the Court's previous orders directing them to file Certificates of Interested Persons and Corporate Disclosure Statements, Doc. No. 31.

On August 8, 2019, Plaintiff filed a motion for default judgment against Mali & Sons Inc., Doc. No. 29, and on October 8, 2019, Plaintiff filed a motion for default judgment against Lidia and Manuel Santana, Doc. No. 34 (the "Motions"). In the Motions, Plaintiff elects to proceed under Count I (Communications Act of 1934, 47 U.S.C. § 605) and Count III (United States copyright laws, 17 U.S.C. § 501(a)) and seeks a default judgment on both counts. Doc. No. 29 at 13, 19; Doc. No. 34 at 13, 19. Defendants did not file a response to the Motions.

Attached to the Motions is an August 7, 2017, affidavit of Marc Middleton, which avers the following: On August 26, 2017, he entered the Orlando Grill at approximately 11:11 p.m. Doc. No. 29-1 at 1. Middleton observed one projection screen displaying the Broadcast. *Id*. Middleton watched the second round of the match from the Broadcast. *Id*. In Middleton's estimation, the Orlando Grill has a capacity of approximately 201 to 300 people. *Id*. at 2. Middleton estimated that approximately 200 people were present while he was there. *Id*. at 1.

---

or § 605. Doc. No. 29 at 13; Doc. No. 34 at 13 (citing *Kingvision Pay-Per-View Corp. v. Wright*, No. 8:06-cv-892-T-30MAP, 2006 WL 4756450, at *2 (M.D. Fla. Oct. 27, 2006)).

Pursuant to 47 U.S.C. § 605, Plaintiff requests a judgment of $40,000.00 in damages and fees, jointly and severally, against Defendants, and representing:

1) statutory damages of $10,000.00, under 47 U.S.C. § 605(e)(3)(C)(i)(II); and

2) enhanced statutory damages of $30,000.00, under 47 U.S.C. § 605(e)(3)(C)(ii).[3]

Doc. No. 29 at 15, 16, 24; Doc. No. 34 at 14, 16, 24. With respect to its claim for statutory damages of $10,000.00, Plaintiff states that Defendants unlawfully exhibited the Broadcast for commercial advantage. Doc. No. 29 at 15; Doc. No. 34 at 14. In support of same, Plaintiff attaches the affidavit of Joe Hand, Jr., Plaintiff's president, who avers that intercepting Plaintiff's encrypted satellite signal without a sublicense agreement cannot be accomplished mistakenly or innocently. Doc. No. 29-1 at ¶ 12. Thus, Plaintiff requests that the Court exercise its discretion under § 605(e)(3)(C)(i)(II) to award it $10,000.00 in statutory damages. Doc. No. 29 at 10-15.

Plaintiff asserts that 47 U.S.C. § 605(e)(3)(C)(ii) provides the Court with the discretion to award enhanced statutory damages "*up to* $100,000.00 for the intentional unlawful interception of the closed circuit television signal of the [Broadcast] on August 27, 2017." Doc. No. 29 at 17 (emphasis in original); Doc. No. 34 at 16 (emphasis in original). By virtue of their default, Plaintiff contends Defendants admitted the unlawful Broadcast was committed willfully for the purpose of commercial advantage or financial gain. Doc. No. 29 at 18-19; Doc. No. 34 at 18. Accordingly, Plaintiff requests an award of $30,000.00 in enhanced statutory damages. Doc. No. 29 at 16, 24; Doc. No. 34 at 16, 24.

Plaintiff also seeks statutory damages for Defendants' violation of the copyright laws, specifically, 17 U.S.C. § 501. Doc. No. 29 at 19-24; Doc. No. 34 at 19-24. Pursuant to 17 U.S.C.

---

[3] Plaintiff includes attorney's fees and costs in the proposed default judgments and included an affidavit of attorney's fees and costs. Doc. Nos. 29-2, 29-6, 34-1, 34-3, 34-4. The Motions, however, neither request nor address an award of attorney's fees and costs. Doc. Nos. 29, 34.

§ 501, Plaintiff requests a judgment of $40,000.00 in damages and fees, jointly and severally, against Defendants, and representing:

    3) statutory damages of $10,000.00, under 17 U.S.C. § 504(c)(1); and

    4) enhanced statutory damages of $30,000.00, under 17 U.S.C. § 504(c)(2).

Doc. No. 29 at 19-24; Doc. No. 34 at 19-24. With regard to the statutory damages, Plaintiff alleges that Defendants unlawfully exhibited the Broadcast. Doc. No. 29 at 19; Doc. No. 34 at 19. Plaintiff asserts that it suffered significant monetary loss in licensing fees due to its programming being pirated and it "expended a great deal of time and money in policing its signals to protect its interests." Doc. No. 29 at 21; Doc. No. 34 at 21. It also alleges competitive disadvantage on behalf of the customers that legally purchased the Broadcast, arguing that the entities that did not legally purchase the Broadcast "can show the event to their patrons without charging a cover fee." Doc. No. 29 at 21-22; Doc. No. 34 at 21. Plaintiff contends its offer of "licensing . . . closed-circuit mixed martial arts events to establishments that want to exhibit exciting events as they occur" is less valuable when copyright infringers can exhibit the events for free. Doc. No. 29 at 22; Doc. No. 34 at 21-22. Plaintiff states that it expended significant sums to combat piracy, but loss of business will continue until the pirates are deterred. Doc. No. 29 at 22; Doc. No. 34 at 22. Regarding enhanced statutory damages, Plaintiff argues that "Defendants admitted they willfully violated Plaintiff's copyright. Defendants' conduct was both willful and done for direct or indirect commercial advantage . . . ." Doc. No. 29 at 23; Doc. No. 34 at 23.

## II. **LEGAL STANDARD.**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55(a). The mere entry of a default by the Clerk

does not in itself warrant the entry of a default judgment by the Court. Rather, before entering a default judgment, the Court must find that there is a sufficient basis in the pleadings for the relief requested. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.");[4] *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (same). Thus, the standard for reviewing a default judgment motion is "akin to [the standard] necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.")).

Complaints need not contain detailed factual allegations to support a default judgment motion, but there must be "more than an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief." *Johnson v. Cate*, No. 1:09–cv–00502–OWW–SMS, 2009 WL 2151370, at *2 (E.D. Cal. July 17, 2009). In short, it is Plaintiff's burden to demonstrate, in a motion for default judgment, that the Complaint's factual allegations are legally sufficient to establish one or more of its claims and to entitle it to the specific relief requested. *Id*.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III. ANALYSIS.

#### A. Liability.

1. Communications Act Claim.

The Communications Act of 1934 provides:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or of the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). The Communications Act of 1934, as amended, prohibits the interception, descrambling, and exhibition of encrypted satellite signals. *See generally United States v. Howard*, 13 F.3d 1500, 1501-02 (11th Cir. 1994) (affirming conviction under § 605 for unauthorized interception of encrypted satellite signals). Pursuant to 47 U.S.C. § 605(e)(3)(A), a private cause of action exists for violations of 47 U.S.C. § 605(a), and "full costs," as well as attorney's fees, are available to "an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

In this case, Plaintiff's well-pled allegations of fact as to Count I establish that Defendants violated 47 U.S.C. § 605(a) by willfully, and without authorization, intercepting and/or descrambling the Broadcast's satellite signal. Doc. No. 1 at ¶¶ 26, 27, 29. Defendants then willfully exhibited the Broadcast for the purpose of obtaining a commercial advantage or private financial gain. *Id.* at ¶ 25. Thus, the Complaint establishes a violation of 47 U.S.C. § 605(a). In addition,

Plaintiff's allegations are supported by Middleton's and Hand's affidavits. Doc. No. 29-1. Based on the foregoing, Plaintiff demonstrated Defendants unlawfully intercepted or received the unauthorized Broadcast and willfully used that communication for the Defendants' benefit. Accordingly, Plaintiff is entitled to a final default judgment as to Count I.

### 2. Copyright Act Claim.

The plaintiff must demonstrate that it owned a copyright and the defendant copied the copyrighted work to establish a claim under 17 U.S.C. § 501. *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). Additional damages may be recovered if the violation of § 501 was willful. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015). The Complaint sufficiently alleges that Plaintiff owns the copyright for the Broadcast, Doc. No. 1 at 9, Defendants willfully violated Section 501, Doc. No. 1 at 9-10, and Defendants' default equals an admission of the allegations. *Nishimatsu*, 515 F.2d at 1206.

## B. Damages.

### 1. Communications Act Claim.

A plaintiff may elect to pursue actual or statutory damages, and in this case, Plaintiff moves for an award of statutory damages ($10,000.00) and enhanced statutory damages ($30,000.00) under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (3)(C)(ii). Doc. No. 29 at 15, 16, 24; Doc. No. 34 at 14, 16, 24. Plaintiff's damages request is based on $50 for each person that was at the Orlando Grill, which Middleton estimated to be 200 people. Doc. No. 29 at 15, 24; Doc. No. 34 at 14, 24; Doc. No. 29-1 at 1. Statutory damages under Section 605(e)(3)(C)(i)(II) must exceed $1,000, but a district court maintains "wide latitude" to determine statutory damages and may grant damages up to $100,000 for a willful violation of Section 605. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). An award of damages under 47 U.S.C.

§ 605(e)(3)(C)(i)(II) and (3)(C)(ii) using this formula was approved in *Joe Hand Promotions, Inc. v. Saed, et al.*, No. 8:18-cv-2237-T-23TGW, Doc. No. 27 (M.D. Fla. May 2, 2019).

Accordingly, Plaintiff requests $40,000 in damages, which constitutes the sum of $10,000 ($50 for each of the 200 patrons observed by Middleton the night of the violation, Doc. 29-1 at 1) and $30,000 ($10,000 trebled). Thus, a $40,000 statutory damages award is warranted.

2. Copyright Act Claim.

Under 17 U.S.C. § 504(c), a plaintiff can elect to recover either actual or statutory damages for a violation of Section 501. *Cable/Home Commc'n Corp.*, 902 F.2d at 850. Plaintiff elects to recover statutory damages. Doc. No. 29 at 19-24; Doc. No. 34 at 19-24. The court has "broad discretion" to determine statutory damages and may grant damages up to $150,000 for a willful violation of Section 501. *Cable/Home Commc'n Corp.*, 902 F.2d at 852; 17 U.S.C. § 504(c)(2).

Plaintiff requests statutory damages of $10,000 and additional damages of $30,000 because Defendants willfully violated Section 501. Doc. No. 29 at 19-24; Doc. No. 34 at 19-24. The expenses a defendant saved, the profits a defendant reaped, and the revenues a plaintiff lost because of a defendant's infringement guide a determination of damages under Section 504(c). *Dive N' Surf v. Anselowitz*, 834 F. Supp. 379, 383 (M.D. Fla. 1993) (citing *N.A.S. Import Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992)). According to Hand's affidavit, Defendants would have paid between $8,200 and $9,700 for the licensing fee. Doc. No. 29-1 at 8. Awarding the plaintiff statutory damages to recoup the avoided licensing fee accords with awards in similar actions in this district. *Joe Hand Promotions, Inc. v. Saed, et al.*, No. 8:18-cv-2237-T-23TGW, Doc. No. 27 (M.D. Fla. May 2, 2019); *J & J Sports Prods., Inc. v. Arboleda*, No. 6:09-CV-467-ORL-18DAB, 2009 WL 3490859, at *6 (M.D. Fla. Oct. 27, 2009); *Kingvision Pay-Per-View Corp. v. El Torito Supermarket, Inc.*, No. 6:06-cv-657-Orl-18KRS, 2007 WL 1794158, at *4 (M.D. Fla.

June 19, 2007); *Kingvision Pay-Per-View Corp. v. Wright*, No. 8:06-CV-892-T-30MAP, 2006 WL 4756450, at *3 (M.D. Fla. Oct. 27, 2006). In requesting damages for the copyright infringement, Plaintiff provides no argument or evidence regarding the profits Defendants reaped because of the infringement. Taking the high range of the licensing fee, and adding that award with a treble award of $29,100 — resulting in a total award of $38,800 — suffices to prevent unjust enrichment, to repair Plaintiff's injury, and to deter future wrongful conduct by Defendants and others. Thus, a $38,800 statutory damages award is warranted.

**IV. CONCLUSION.**

Based on the foregoing, it is **RECOMMENDED** that the Motions (Doc. Nos. 29, 34) be **GRANTED in part and DENIED in part** as follows:

1. That the Court direct the Clerk to enter a default judgment against Defendants, jointly and severally, in the total amount of $78,800.00, representing:

    a. Statutory damages of $10,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II);

    b. Enhanced statutory damages of $30,000.00 under 47 U.S.C. § 605(e)(3)(C)(ii);

    c. Statutory damages of $9,700.00, under 17 U.S.C. § 504(c)(1);

    d. Enhanced statutory damages of $29,100.00, under 17 U.S.C. § 504(c)(2); and

2. That the Motions be otherwise **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the

district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on November 1, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy